COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Frank and Senior Judge Hodges
Argued at Salem, Virginia


CHRISTOPHER R. BEACH

MEMORANDUM OPINION[*] BY
v.    Record No. 2405-98-3          JUDGE WILLIAM H. HODGES
MARCH 7, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

Elwood Earl Sanders, Jr., Appellate Defender
(Public Defender Commission, on briefs), for
appellant.

Richard B. Smith, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Appellant was convicted of statutory burglary and grand
larceny.  On appeal, he argues that the trial court erred:  (1) in
not finding that this case "rose no higher than an accessory after
the fact," and (2) in denying his request for an accessory after
the fact jury instruction.  We disagree and affirm his
convictions.

BACKGROUND

Appellant drove William Summerfield, Amber Minnick and Karen
Smith to the home of Virginia Smith, who is not related to Karen
Smith.  Appellant had lived in Virginia Smith's home approximately

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

ten years earlier and knew that she had guns in her home. Appellant and Summerfield knocked on the door and appellant opened the door.  Appellant returned to the car, and Summerfield went inside.  Summerfield returned to the car, and they drove away.  A short time later, appellant dropped off Summerfield a second time at the Smith house and left.  Later, appellant saw Summerfield walking away from Smith's house and appellant picked him up. Summerfield sat in the backseat and showed three handguns to Karen Smith.

## ACCESSORY AFTER THE FACT

At trial, the Commonwealth's theory of the case was that appellant was a principal in the second degree.[1]  Appellant argued that his participation was no more than an accessory after the fact, and requested such an instruction.

"[B]efore a defendant can be tried and convicted of being an accessory after the fact, he must be charged with that offense. Unless such a charge is specifically made, neither the Commonwealth nor an accused is entitled to an accessory-after-the-fact instruction."  Dalton v. Commonwealth, ___ Va. ___, ___, ___ S.E.2d ___, ___ (2000).

Appellant was not charged with being an accessory after the fact.  Therefore, the trial court did not err in not finding that

---

[1] In his petition for appeal, appellant also argued that the evidence was insufficient to prove that he was a principal in the second degree.  Appellant's petition for appeal was denied as to this question.

-

this case "rose no higher than an accessory after the fact" and in denying appellant's request for an accessory after the fact jury instruction.

Affirmed.

-